IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

              Plaintiff,                              ORDER

      v.                                          08-cv-745-bbc

RICHARD RAEMISCH, Department of
Corrections Secretary; BRAD HOMPE,
Warden of Stanley Correctional Institution;
R. RICHARDSON, Security Director of
Stanley Correctional Institution;
JAMES TOTKA, Captain of Flambeau
Correctional Center; and MARK HEISE,
Director of Offender Movement and
Classification;

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      An evidentiary hearing was held on plaintiff Lee Knowlin's motion for a preliminary injunction on March 31, 2009. Plaintiff appeared in person, without counsel. Defendants were represented by Michelle Rhone and Monica Burkert-Brist.

      After hearing the testimony of the witnesses and reviewing the exhibits admitted into the record, I found that plaintiff had shown no likelihood of ultimate success on his claim that he is at imminent risk of serious harm if he remains in general population at Stanley

1

Correctional Institution and that defendants are deliberately indifferent to that risk. It is true that in 2006 plaintiff was the subject of a credible threat from another inmate at Stanley and for that reason was transferred out of the institution, but he has not shown that he is at risk at Stanley now. The inmate who threatened him in 2006 has been released from the custody of the Department of Corrections. Defendants have investigated all the inmates whose names plaintiff provided them and have concluded both that they are not gang members and that they do not pose any threat to him.

In arguing that he should not be kept at Stanley, plaintiff relies on the fact that a prison official recommended in 2006 that he be transferred to separate him from other inmates in that institution. That was two and one-half years ago; the population at Stanley has undergone extensive changes since then. Plaintiff has no evidence that anyone now housed at Stanley poses a risk to him.

Because plaintiff failed to show that he had any chance of ultimate success on his Eighth Amendment claim of imminent danger, I need not comment on the remaining factors he would have to satisfy to win a preliminary injunction. I note, however, that the balance of harms presents an almost insurmountable hurdle to an inmate who wants the court to intervene in the placement decisions of prison officials. Courts are not in a position to second guess the complex considerations that go into those decisions, particularly at a preliminary stage of litigation. In the absence of a much stronger showing than plaintiff has

2

made, injecting the court into his placement decision could have an adverse effect on prison officials' ability to provide safe housing to all the inmates in their custody.

At the outset of the hearing, plaintiff asked for more time to obtain documents corroborating his complaints and requests to defendants. I deferred a decision on that request until the end of the hearing. At that time, I concluded that plaintiff had not shown that any additional evidence of the kind he wanted to submit would change the outcome of the hearing and I denied his request for a continuance of the hearing.


ORDER

IT IS ORDERED that plaintiff Lee Knowlin's motion for a preliminary injunction, directing defendants Richard Raemisch, Brad Hompe, R. Richardson, James Totka and Mark Heise to move him out of the Stanley Correction Institution to protect him from an imminent risk of serious danger is DENIED because plaintiff has failed to show that defendants have willfully disregarded an imminent risk to his safety. Plaintiff's request for a continuance of the hearing to allow him to collect more evidence is DENIED as well.

Entered this 2d day of April, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3