IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

                      Plaintiff,                                    ORDER

      v.                                                  08-cv-745-bbc

RICHARD RAEMISCH, Department of
Corrections Secretary; BRAD HOMPE,
Warden of Stanley Correctional Institution;
R. RICHARDSON, Security Director of
Stanley Correctional Institution;
JAMES TOTKA, Captain of Flambeau
Correctional Center; and MARK HEISE,
Director of Offender Movement and
Classification;

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this prisoner civil rights case, plaintiff Lee Knowlin contends that defendants are subjecting him to a substantial risk of serious harm by housing him at Stanley Correctional Institution, where he says there are gang members from the Gangster Disciples who wish to harm him.  On March 31, 2009, an evidentiary hearing was held on plaintiff's motion for a preliminary injunction, which I denied "[b]ecause plaintiff failed to show that he had any chance of ultimate success on his Eighth Amendment claim of imminent danger." Dkt. #34,

1

at 2.

Two motions filed by plaintiff are now before the court: (1) a motion to sanction defendants for submitting a false document at the preliminary injunction hearing; and (2) a motion for reconsideration of the decision denying his motion for a preliminary injunction. Both motions will be denied.

With respect to his motion for sanctions, plaintiff says that "defendants or someone acting on their behalf fraudulently recreated defendants' exhibit 501," which is a program review inmate classification summary for plaintiff, dated March 7, 2006. In particular, plaintiff says that defendants altered the document to "leav[e] one with the impression that plaintiff had not been transferred from the [Stanley] prison in 2006 because of the approved Special Placement Need." Dkt. #42, at 5. As a sanction, plaintiff asks that the court "command defendants to immediately transfer plaintiff to another correctional institution." Id. at 7.

Plaintiff has failed to show that defendants falsified their exhibit. His only evidence is that *his* version of the same document includes information that defendants' version does not. But that shows only that the two documents are different; plaintiff has adduced no evidence about *why* the documents are different. I may not infer an intent to deceive simply because a discrepancy in the evidence exists. Further, it would make no sense for defendants to alter a document in order to suppress the truth about the reasons plaintiff was transferred

2

from the Stanley prison in 2006. Defendants have never denied that plaintiff was moved from Stanley as a result of a special placement need; they conceded this fact at the hearing.

In any event, the relevance of the document is extremely limited in the context of this case. Even plaintiff's version of the document (and the incident report he relies on) shows only that prison officials decided to transfer plaintiff afer he complained of threats. Proof that officials took precautionary measures is not necessarily proof that plaintiff was in danger, Collignon v. Milwaukee County, 163 F.3d 982, 990 (7th Cir. 1998), even in 2006, which was two years after plaintiff was assaulted. More important, even if I assume that Stanley was unsafe for plaintiff in 2006, the only important question in this case is whether plaintiff is in danger *now* as a result of his return to Stanley. The state of affairs in 2006 says little about plaintiff's current situation.

Finally, even if I concluded that defendants *had* altered a document, plaintiff would not be entitled to transfer as a sanction. Plaintiff cannot obtain a transfer through alleged litigation misconduct of defendants. The only way that plaintiff can obtain relief in this court is to show that defendants are violating his Eighth Amendment right to be reasonably safe.

This brings up plaintiff's other motion, in which he argues that I erred in denying his motion for a preliminary injunction. Plaintiff points to what he says were violations of prison policy by defendants and inconsistencies in the testimony of their witnesses, but he

3

fails to explain how his observations support a view that he is in danger. In addition, he says that defendants failed in their "duty to investigate . . .whether [his] enemies are still housed at Stanley, despite the passage of time." Dkt. #41, at 7. Defendants *did* conduct an investigation regarding each prisoner that plaintiff identified as a potential threat and they were unable to uncover any evidence that those prisoners posed a risk of harm to him. Plaintiff does not seem to deny this; instead he argues that defendants should investigate whether certain dangerous "unknown inmates are still at Stanley." Id.

The obvious question posed by plaintiff's argument is, how can defendants investigate a potential threat by prisoners that plaintiff fails to identify? Plaintiff says that "[d]efendants have many investigative measures at their disposal," id. at 8, but he does not point to any himself. Prisoners who are being threatened cannot necessarily be expected to identify their potential assailants by name, but they must provide *some* information that officials may use to conduct an investigation. Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008) ("Dale's vague statements that inmates were 'pressuring' him and 'asking questions' were simply inadequate to alert the officers to the fact that there was a true threat at play."); Grieveson v. Anderson, 538 F.3d 763, 776 (7th Cir. 2008) (holding that an inmate who "told jail officials only that he was afraid and that he wanted to be moved" failed to put those officials on notice of an actionable threat). There is always a possibility that one prisoner may be a threat to another prisoner, but officials cannot be required to investigate every

4

prisoner at the institution to determine whether an "enemy" of plaintiff's might be lurking somewhere.

Plaintiff has been housed at Stanley since September 2008 and he has yet to adduce persuasive evidence of credible threats that he has received during that time. At the hearing, plaintiff identified one specific threat that he received in October 2008, but defendants investigated that prisoner and discovered neither a link between that prisoner and the Gangster Disciples nor any other reason the prisoner might pose a risk to plaintiff. Plaintiff has not identified *any* threats that he has received since October, from that prisoner or any other. In light of the relative quiet that plaintiff has experienced at Stanley, it is puzzling why he continues to assert that his situation is so precarious. If plaintiff has additional information that he has not disclosed, he should provide it to defendants. However, at this point in time, he has not shown that he is entitled to any relief.

ORDER

IT IS ORDERED that plaintiff Lee Knowlin's motion for sanctions, dkt. #42, and

5

motion for reconsideration, dkt. #41, are DENIED.

Entered this 16th day of April, 2009.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      BARBARA B. CRABB
                                      District Judge