IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

                         Plaintiff,                                  ORDER

                         v.                                          08-cv-745-bbc

RICHARD RAEMISCH, Department of
Corrections Secretary; BRAD HOMPE,
Warden of Stanley Correctional Institution;
R. RICHARDSON, Security Director of
Stanley Correctional Institution;
JAMES TOTKA, Captain of Flambeau
Correctional Center; and MARK HEISE,
Director of Offender Movement and
Classification;

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff Lee Knowlin contends that defendants are subjecting him to a substantial risk of serious harm by housing him at Stanley Correctional Institution, where he says there are gang members from the Gangster Disciples who wish to harm him. On March 31, 2009, an evidentiary hearing was held on plaintiff's motion for a preliminary injunction. In an order dated April 2, 2009, I denied that motion "[b]ecause plaintiff failed to show that he had any chance of ultimate success on his Eighth Amendment

1

claim of imminent danger." Dkt. #34, at 2. Further, in a April 16, 2009 order, I denied plaintiff's motion for reconsideration of the April 2 order and his motion to sanction defendants for allegedly submitting a false document at the preliminary injunction hearing. Dkt. #44. Now plaintiff has filed a notice of interlocutory appeal from the April 2, 2009 and April 16, 2009 orders. Because plaintiff's notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the notice to include a request for leave to proceed in forma pauperis on appeal.

Insofar as plaintiff seeks to appeal the denial of his motion for preliminary injunctive relief, he may do so under 28 U.S.C. § 1292(a), which authorizes appeals from interlocutory orders that grant or deny an injunction. However, the portion of the April 16, 2009 order denying his motion for sanctions is not a final order that may be appealed. In rare instances, a party may appeal a non-final decision. 28 U.S.C. § 1292 states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I purposely did not include in the April 16 order a finding that an interlocutory appeal from the denial of plaintiff's motion for sanctions would be proper. That order does not involve a controlling question of law as to which there is substantial ground for

2

difference of opinion, and a prompt appeal from that order will not materially advance the ultimate termination of this litigation.

Regardless of what portions of the April 2 and April 16 orders plaintiff is authorized to appeal under 28 U.S.C. § 1292, because he is a prisoner, he must pay the full cost of filing a notice of appeal. He owes the money whether his appeal is meritorious, procedurally defective, or lacking in legal merit. If he were to qualify for indigent status, he would be allowed to pay the fee in monthly installments, beginning with an initial partial payment. However, if he has three strikes against him under 28 U.S.C. § 1915(g) or if his appeal is certified as not having been taken in good faith, he may not proceed in forma pauperis and instead, he must pay the full amount of the fee immediately. Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal of the court's denial of his motion for preliminary injunctive relief is not taken in good faith. A reasonable person could suppose that his appeal has some merit. Cf. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

To the extent plaintiff wishes to appeal the part of the April 16, 2009 order denying his motion for sanctions, I concluded in that order that plaintiff failed to show that defendants falsified their exhibit 501, and even if he had proven that the document was fabricated, I could not order his requested relief, a transfer to another institution, as a sanction for this alleged litigation misconduct. Although I would normally certify this

3

portion of the appeal, standing alone, as not taken in good faith, the Court of Appeals for the Seventh Circuit instructs that the power to deny leave to proceed in forma pauperis if the court certifies that the appeal is not taken in good faith deals with the case as a whole rather than individual issues. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988). Because plaintiff's appeal of the court's denial of his motion for preliminary injunctive relief appears to be taken in good faith, he will be allowed to proceed in forma pauperis on his entire appeal, provided that he complies with the financial requirements of 28 U.S.C. § 1915 outlined below.

The only hurdle to petitioner's proceeding with his appeal in forma pauperis is the requirement that he pay an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Petitioner's trust account statement filed in December 2008 covers a time period from June 22, 2008, through December 22, 2008. The information contained in it is too old to satisfy the statutory requirement that the assessment be calculated from a trust fund account statement for the six month period "immediately preceding the filing of the . . . notice of appeal . . . ." 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

4

ORDER

IT IS ORDERED that a decision whether plaintiff may proceed in forma pauperis on appeal is STAYED. Plaintiff may have until May 14, 2009, in which to submit a certified copy of his trust fund account statement for the six-month period beginning approximately October 23, 2008 to approximately April 23, 2009. If, by May 14, 2009, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 5th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5