IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

                Plaintiff,                               OPINION and ORDER

       v.                                                  08-cv-745-bbc

RICHARD RAEMISCH, Department of
Corrections Secretary; BRAD HOMPE,
Warden of Stanley Correctional Institution;
R. RICHARDSON, Security Director of
Stanley Correctional Institution;
JAMES TOTKA, Captain of Flambeau
Correctional Center; and MARK HEISE,
Director of Offender Movement and
Classification;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Lee Knowlin is a prisoner who contends in this lawsuit under 42 U.S.C. § 1983 that defendants subjected him to a substantial risk of serious harm in violation of the Eighth Amendment by housing him at the Stanley Correctional Institution, where he believed gang members wished to harm him.  I use the past tense because plaintiff was transferred to another prison on April 22, 2009.  As a result of this development, defendants filed a motion for partial summary judgment, in which they seek to dismiss plaintiff's

1

complaint with respect to his request for injunctive relief. Plaintiff concedes that his request for a transfer is now moot, so I will grant the motion. Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) ("When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."); see also Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009).

In response to defendant's motion, plaintiff has moved to amend his complaint to include a request for nominal damages, even though his complaint already includes a request for compensatory and punitive damages. His motion will be denied because "[p]revailing parties get the relief to which they are entitled, no matter what they ask for." Heitmann v. City of Chicago, Illinois, 560 F.3d 642, 645 (7th Cir. 2009). It is unnecessary for plaintiff to amend his complaint simply so that he may specify that he requests nominal damages.

Defendants do not ask for a ruling on the merits of plaintiff's claim for damages. Instead, they have filed another motion for partial summary judgment in which they seek dismissal of a portion of plaintiff's claim on the ground that he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) because he failed to file a required administrative appeal under Wis. Admin. Code § DOC 310.13(1). Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005) (to comply with § 1997e(a), prisoner must file all appeals required by prison rules).

Defendants' motion is a bit unusual. As I explained in the order dated April 13,

2

2009, "plaintiff's only claim is that defendants have subjected him to a substantial risk of assault by other prisoners." Dkt. #40. However, defendants have parsed this claim into *two* claims, one that defendants failed to protect him from prisoners named McDade, Ammons, Mitchell and Johnson and another that defendants failed to protect him from "unknown" prisoners. Defendants say that plaintiff completed the grievance process for the latter "claim" by filing and appealing inmate complaint SCI-2009-29461, but that he failed to file an appeal of SCI-2009-29460, which discussed the former "claim" regarding the named prisoners.

Defendants are asking too much of plaintiff. Unless prison rules specify otherwise, a grievance is sufficient so long as it "alerts the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Plaintiff complied with this requirement in SCI-2009-29461 by complaining that prison officials were not protecting him from other dangerous inmates. Defendants point to no prison rule that required plaintiff to identify the other prisoners by name in his grievance. Cf. Jones v. Bock, 549 U.S. 199, 219 (2007) (prisoners need not name prison officials in their grievances unless prison rules require them to do so).

In any event, I would have to deny defendants' motion under § 1997(e) even if I concluded that plaintiff was required to successfully complete the grievance process for both grievances. Plaintiff avers in his affidavit that he *did* appeal SCI-2009-29460, dkt. #45, at

3

1, which means this fact is disputed and cannot be resolved on a motion for summary judgment.

The question remains whether plaintiff can recover any damages on his Eighth Amendment claim. When I denied plaintiff's motion for a preliminary injunction on April 2, it was undisputed that plaintiff had not been assaulted by any prisoners while he was housed at the Stanley prison. He does not say in his summary judgment materials that any incidents occurred between that time and April 22, when he was transferred. Under Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997), and Babcock v. White, 102 F.3d 267, 271 (7th Cir.1996), prisoners may not recover money damages for a prison official's failure "to prevent exposure to risk of harm." In other words, if a prisoner is not actually assaulted, he is not entitled to recover monetary relief for the psychological distress he may have experienced during the time he feared assault.

A district court may enter summary judgment in favor of a party so long as the other side has adequate notice and an opportunity to respond. Celotex v. Catrett, 477 U.S. 317, 326 (1986); Acequia, Inc. v. Prudential Insurance Co. of Americas, 226 F.3d 798, 807 (7th Cir. 2000). Accordingly, plaintiff may have until July 10, 2009, to show cause why this case should not be dismissed under Welborn and Babcock.

4

ORDER

IT IS ORDERED that

1. The motion for partial summary judgment filed by defendants Richard Raemisch, Bradley Hompe, R. Richardson, James Totka and Mark Heise on the ground that plaintiff Lee Knowlin's request for injunctive relief is moot, dkt. #57, is GRANTED.

2. Defendants' motion for partial summary judgment on the ground that plaintiff failed to exhaust his administrative remedies, dkt. #35, is DENIED.

3. Plaintiff's motion for leave to amend his complaint, dkt. #70, is DENIED as unnecessary.

4. Plaintiff may have until July 10, 2009, to show cause why this case should not be dismissed under Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997), and Babcock v. White, 102 F.3d 267, 271 (7th Cir.1996).

Entered this 26th day of June, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5