IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

              Plaintiff,                                        ORDER

      v.                                              08-cv-745-bbc

RICHARD RAEMISCH, Department of
Corrections Secretary; BRAD HOMPE,
Warden of Stanley Correctional Institution;
R. RICHARDSON, Security Director of
Stanley Correctional Institution;
JAMES TOTKA, Captain of Flambeau
Correctional Center; and MARK HEISE,
Director of Offender Movement and
Classification;

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has responded to this court's order to show cause why this case should not be dismissed under Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997), and Babcock v. White, 102 F.3d 267, 271 (7th Cir. 1996), which held that prisoners may not recover money damages for a prison official's failure "to prevent exposure to risk of harm." Plaintiff's claim is that defendants were subjecting him to a substantial risk of serious harm by housing him at the Stanley Correctional Institution, but his claim for injunctive relief is

1

moot because he has been transferred to another prison. Because plaintiff was never assaulted at Stanley, this left the question whether plaintiff may recover damages for the alleged risk of harm that he faced during his time there.

In Babcock, 102 F.3d at 270, the court's answer to this question could not have been clearer:

> This case thus squarely presents the question whether or not a federal prisoner who was not assaulted by, and who is no longer at risk from, fellow inmates may nevertheless maintain a Bivens claim for money damages based solely on prison officials' past failure to take measures to protect the prisoner from inmates known to pose a danger to the prisoner. Our answer is "no," at least where, as here, exposure to risk of harm cannot be said to result from an official's malicious or sadistic intent.

In Welborn, 110 F.3d at 524, the court reaffirmed this conclusion in the context of a case brought under 42 U.S.C. § 1983.

Plaintiff does not argue that his claim may be saved because defendants acted with "malicious and sadistic intent." (Certainly, plaintiff adduced no evidence at the preliminary injunction hearing that would support such an argument.) Rather, he says that the holding in Babcock was overruled or limited by Calhoun v. DeTella, 319 F.3d 936 (7th Cir. 2003). In particular, he points to a sentence in which the court characterized as dicta a statement in Babcock that nominal damages are inappropriate in Eighth Amendment cases. Calhoun, 319 F.3d at 941 (citing Babcock, 102 F.3d at 273).

Plaintiff's reliance on Calhoun is understandable but misplaced. In that case, the

2

prisoner was alleging that guards had performed a strip search on him without any legitimate reason, that is, with malicious and sadistic intent.  The question before the court related to the scope of 42 U.S.C. § 1997e(a), which prohibits prisoners from recovering damages for "mental or emotional" injury.  The court concluded that § 1997e(a) did not prohibit recovery of nominal or punitive damages.

Although in Calhoun the court disagreed with the statement that nominal damages are *never* allowed in an Eighth Amendment case, it did not disagree with the holding in Babcock that a prisoner may not obtain money damages for a failure to prevent exposure to a risk of harm.  In fact, it cited Babcock for the proposition that a prisoner may recover for the "wanton" and "gratuitous" infliction of psychological pain.  In other words, recovery is appropriate in a case like Calhoun in which prison officials conducted a strip search maliciously or sadistically, but not in a case like this one in which plaintiff alleges that defendants were deliberately indifferent to a risk that never materialized into physical harm.

ORDER

IT IS ORDERED that on the court's own motion, summary judgment is GRANTED to defendants Richard Raemisch, Brad Hompe, R. Richardson, James Totka and Mark Heise.

3

The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 14th day of July, 2009.

BY THE COURT:

/s/ Barbara B. Crabb
_____
BARBARA B. CRABB
District Judge

4